40 F.3d 475
 309 U.S.App.D.C. 219
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James Douglas COX, Appellee,
v.
DISTRICT OF COLUMBIA; Barry Goodwin, Officer; William
Brady; Joe Doe; Larry Cho; Maria Moe; Richard
Roe, Appellants,
American Civil Liberties Union of the National Capital Area,
Amicus Curiae.
 No. 93-7103.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 28, 1994.
 
 Before: EDWARDS, Chief Judge; SENTELLE and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment for plaintiff be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 On December 30, 1990, two District of Columbia police officers beat and injured appellee James Douglas Cox after stopping him for a minor traffic violation. The district court found, based on a joint stipulation of facts and statements of evidence by the parties, that the District government's failure to ensure the timely processing of citizen complaints against police officers caused Cox to be deprived of his constitutional rights, in violation of 42 U.S.C. Sec. 1983. Cox v. District of Columbia, 821 F.Supp. 1 (D.D.C.1993). For substantially the reasons in the district court's opinion, we affirm. Consistent with our standard of review, see Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985), we find no merit to the District's argument that the district court committed clear error in finding a custom of deliberate indifference to the processing of citizen complaints to the Civilian Complaint Review Board (CCRB).[1] Nor do we find that the district court made clearly erroneous findings with respect to causation.
 
 
 5
 The district court based its conclusion on four essential findings:
 
 
 6
 1. The underlying constitutional violation: Officers Goodwin and Brady of the Metropolitan Police Department violated Cox's constitutional rights by using excessive force against him when he presented no threat. 821 F.Supp. at 11 n. 11.
 
 
 7
 2. Custom or practice: the District had a "custom or practice" of maintaining "a patently inadequate system of investigation of excessive force complaints...." Id. at 13.
 
 
 8
 3. Deliberate indifference: the District's policy or custom showed a "deliberate indifference to the rights of persons who come in contact with District police officers." Id.
 
 
 9
 4. Causation: the District's policy or custom caused the constitutional violation at issue in this case. Id. at 18-20.
 
 
 10
 The District does not contest the underlying constitutional violation, but it denies having a policy or custom of deliberate indifference and challenges the court's ruling on causation. Essentially, the District contends that in view of the innovative nature of the CCRB program, the repeated increases in CCRB funding, and the District's proposal and consideration of procedural reforms, there was no evidence to support a finding that the District had a policy of deliberate indifference. The district court addressed this interpretation of the evidentiary record and rejected it. The court concluded that the "systematic maintenance of a patently inadequate system of investigation of excessive force complaints" necessarily showed a custom or practice of deliberate indifference. 821 F.Supp. at 13. The record, extensively summarized by the district court, amply supports the district court's finding that systemic problems were ignored for years, notwithstanding the fact that the CCRB statute divested the police chief of all disciplinary authority except in weapons incidents and referrals for criminal prosecution. See D.C.Code Sec. 4-903(d) (1994); cf. Morgan v. District of Columbia, 824 F.2d 1049, 1060-61 (D.C.Cir.1987). As the district court noted, the evidentiary deficiencies in Carter v. District of Columbia, 795 F.2d 116, 123-25 (D.C.Cir.1985), are not present here. 821 F.Supp. at 14.
 
 
 11
 Thus, consistent with the case law in this circuit, see Parker v. District of Columbia, 850 F.2d 708, 714 (D.C.Cir.1988); Morgan v. District of Columbia, 824 F.2d at 1061, 1062-63; see also City of Canton v. Harris, 489 U.S. 378, 390 n. 10, 391 (1989), resolution of this appeal turns on whether the district court erred in finding causation. We find no clear error in the district court's conclusion that the District's policy " 'caused' or was a 'substantial factor' " in Cox's injuries.[2] 821 F.Supp. at 17-18. Even assuming the court erred in concluding that the timely processing of a prior complaint against Officer Goodwin would have resulted in his discharge from the police department,[3] the district court could nonetheless find a direct causal link between the backlog of excessive force complaints and Cox's injuries. 821 F.Supp. at 19. See City of Canton v. Harris, supra, 489 U.S. at 391; Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694 (1978).
 
 
 12
 The District created the CCRB specifically to address complaints of police misconduct. Given the evidence, the district court could reasonably find that the District had repeated notice that its solution was, by reason of the flagrant and intolerable backlog, inadequate to the task. 821 F.Supp. at 19-20. The district court could also reasonably conclude that the absence of any timely disciplinary procedure and the pattern of uninvestigated complaints of excessive force would predictably result--and resulted in this case--in further incidents of excessive force. Id. at 19-20. See Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir.1990) ("it is logical to assume that continued official tolerance of repeated misconduct facilitates similar unlawful actions in the future"). As the district court observed, the "CCRB's patent inadequacies certainly did permit serious misconduct to go unchecked." 821 F.Supp. at 19. Put otherwise, the district court concluded that the District's ineffectual review system provided no deterrent to police misconduct and allowed police officers to violate constitutional rights with impunity.[4] Given the District's ongoing failure to address fundamental structural defects within the CCRB, the inference of causation in the instant case was not clearly erroneous. 821 F.Supp. at 19. See Morgan v. District of Columbia, 824 F.2d at 1063; Bielevicz v. Dubinon, 915 F.2d at 853-54.
 
 
 13
 Accordingly, we affirm the judgment.
 
 
 
 [1]
 Contrary to the District's argument, the fact that the district court decided the case based on documentary evidence does not convert its decision into one of summary judgment. As Rule 52(a) makes clear, the court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed.R.Civ.Proc. 52(a) (emphasis added). Anderson v. Bessemer City, 470 U.S. at 574; see also E.E.O.C. v. Maricopa Cty. Community College Dist., 736 F.2d 510, 513 (9th Cir.1984) ("[i]f this case had been tried on stipulated facts, there would be no doubt then that the clearly erroneous standard of review should apply"). The outcome of the trial turned on the district court's resolution of crucial disputed facts (e.g., whether the evidence showed a custom or policy and whether Cox demonstrated requisite causation)
 
 
 [2]
 Contrary to the District's contention, nothing in City of Canton v. Harris suggests that the Supreme Court was abandoning the general proximate cause standard in failure to train cases. Rather, the Court simply repeated the admonition of Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694 (1978), that there must be a substantive connection between the particular defect in training and the officer's wrongful act. City of Canton v. Harris, 489 U.S. at 388-89. The law of causation developed since Monell therefore continues to apply after City of Canton v. Harris. The district court incorporated the causation discussions in both City of Canton v. Harris and Monell, and properly applied the standard of causation developed by this court in the wake of Monell. 821 F.Supp. at 17-18
 
 
 [3]
 The District maintains that even if the CCRB had acted on the prior citizen complaint within the period prescribed by statute, the Board would not likely have reached a decision before Officer Goodwin's probationary period ended
 
 
 [4]
 The fact that sixteen months passed between the prior complaint against Officer Goodwin and the incident involving Cox does not affect this analysis. Indeed, the district court could reasonably find that the longer the CCRB's delay in processing the prior complaint, the more likely Officer Goodwin would assume he could violate citizens' constitutional rights without fear of retribution. See 821 F.Supp. at 19-20